UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IRON WORKERS LOCAL
NO. 25 PENSION FUND, et al.,

        Plaintiff,

   v.                                          Case Nos. 08-C-797, 08-C-862, 08-C-870

OSHKOSH CORP. and ROBERT BOHN,

        Defendants.

**DECISION AND ORDER**

The above-captioned securities fraud cases were recently transferred to this Court. Pending are motions to consolidate the three actions as well as motions to appoint lead plaintiffs and counsel. All parties seem to be in agreement that consolidation is appropriate, and it is. All of the actions involve allegations that Oshkosh Corp. was making confident predictions to the marketplace when in fact it knew things were going downhill. The complaints allege similar class periods. Accordingly, the motions to consolidate will be granted.

Several plaintiffs have also moved to be appointed lead plaintiff. The Private Securities Litigation Reform Act ("PSLRA") provides a timeline of actions that plaintiffs must take, and the parties are in agreement that these actions were taken at the appropriate times. *See* 15 U.S.C. § 78u-4(a)(3)(A). Appointment of the lead plaintiff is to be made expeditiously, and when actions are consolidated appointment is to be made "as soon as practicable." 15 U.S.C. § 78u-4(a)(3)(B)(ii). The principal criterion for appointment of the lead plaintiff involves the rebuttable presumption that

the lead plaintiff should be the movant with the "largest financial interest" in the case. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). This presumption may be rebutted if it is shown, *inter alia,* that the party with the largest financial interest cannot adequately protect the interests of the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa).

The party with the largest financial interest in this case is the Massachusetts Public Pension Funds ("MPPF"), whose loss attributed to the alleged fraud totals more than $3 million. In their responses, the other parties who had originally sought lead plaintiff status have conceded that Massachusetts Public Pension Funds should be appointed lead plaintiff. Because MPPF meets the criteria of the PSLRA, and because there is no effort to rebut the presumption that MPPF is the appropriate lead plaintiff, its motion will be granted. Similarly, its choice of counsel is also approved, as it appears that firm has significant experience in securities litigation. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v) (the lead plaintiff "shall, subject to Court approval, select and retain counsel to represent the Class.")

Accordingly, the motions to consolidate are **GRANTED**, and the cases captioned above are hereby consolidated. The motion of the Massachusetts Public Pension Funds to be appointed lead plaintiff is **GRANTED**, and its choice of counsel is approved. All other motions are **DENIED**. The clerk is to put these cases on for a telephonic scheduling conference.

**SO ORDERED** this ___11th___ day of February, 2009.

    s/ William C. Griesbach
    William C. Griesbach
    United States District Judge